UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SALAHUDDIN ALI SA'D,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 01-1679 (ADM/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On September 19, 1984, Petitioner pleaded guilty to first degree murder in the state district court for Hennepin County, Minnesota. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. As far as the Court can tell, Petitioner never appealed his state criminal conviction or sentence, nor has he otherwise challenged his original conviction or

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED SEP 2 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

sentence in any post-conviction motion or other state court proceeding.

In his present application for habeas corpus relief, Petitioner challenges the validity of his guilty plea on several grounds. He claims that his plea was induced by fraud, and that it was not entered knowingly and voluntarily. (See "Memorandum of Law in Support of the Petitioner's Writ of Habeas Corpus," [Docket No. 2].) These claims cannot be addressed here, however, because Petitioner's application for federal habeas corpus relief is barred by the statute of limitations.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted."

In the instant case, Petitioner's submissions show that his judgment of conviction was entered on September 19, 1984. Because he did not take a direct appeal, the judgment of conviction became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3) (1984). Thus, the deadline for seeking direct appellate review of Petitioner's conviction was December 18, 1984 -- 90 days after the judgment of conviction was entered in his case.

According to § 2244(d)(1)(A), the one-year statute of limitations should have begun to run in this case upon the expiration of the deadline for filing a direct appeal; i.e., on December 18, 1984. However, the Eighth Circuit Court of Appeals has held that the limitations period found in § 2244(d)(1) never begins to run any earlier than the date when

---

[2] There is nothing to indicate that clauses (B), (C) or (D) of subsection 2244(d)(1) would have any applicability in this case. Although Petitioner has vaguely suggested that some unidentified prison employees may have tried to hinder his attempt to seek state post-conviction relief at some time in the past, he has not adequately identified any specific "impediment... created by State action" that prevented him from filing his current federal habeas petition within the one-year limitation period. 28 U.S.C. § 2244(d)(1)(B). Nor has Petitioner shown that his claims are based on any newly-recognized constitutional right or newly-discovered evidence.

the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on December 18, 1984, the statute of limitations did not actually began to run in this case until April 24, 1996. This means, or course, that the limitations period did not expire until April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

Petitioner did not file his present petition, however, until September 11, 2001, which was more than five years after the statute of limitations began to run in this case, and more than four years after the limitation period expired. Thus, Petitioner's present attempt to challenge his state court guilty plea was filed much too late. The instant petition is clearly time-barred. It will therefore be recommended that Petitioner's application for a writ of habeas corpus be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's petition for a writ of habeas corpus be summarily **DISMISSED WITH PREJUDICE**.

DATED: September 19, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.